UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
EDWARD J. SCROXTON,

                    Plaintiff,

      - against -                              MEMORANDUM & ORDER
                                               08-CV-4491(JS)(AKT)
TOWN OF SOUTHOLD, TOWN BOARD OF THE
TOWN OF SOUTHOLD, PETER HARRIS, as
Superintendent of Highways of the
Town of Southold, CSEA LOCAL 1000
AFSCIIB AFL-CIO, and NICHOLAS J.
LaMORTE, President of CSEA Local
1000 AFSCME AFL-CIO,

                    Defendants.
-----------------------------------x

APPEARANCES:
For Plaintiff:        Rita A. Pelt, Esq.
                      50 Charles Lindbergh Boulevard
                      Uniondale, NY 11553


For Defendants:
Town of Southold,     Sharon N. Berlin, Esq.
Town Board of         Lauren Robin Schnitzer, Esq.
Southold, and         Lamb & Barnosky, LLP
Peter Harris          534 Broadhollow Road, Suite 210
                      Melville, NY 11747-2300


CSEA Local 1000       Daren J. Rylewicz, Esq.
AFSCME AFL-CIO        Civil Service Employees Association
                      143 Washington Avenue, Box 7125
                      Capitol Station
                      Albany, NY 12210


                      Timothy Connick, Esq.
                      CSEA Legal Department
                      143 Washington Avenue
                      Albany, NY 12210


President Nicholas
J. LaMorte            No appearance

SEYBERT, District Judge:

Plaintiff commenced this action alleging employment discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 1112 et seq., as amended ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., as amended ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"), 42 U.S.C. § 1983, and New York Executive Law § 296. Additionally, Plaintiff alleges claims for intentional infliction of emotional distress, tortuous interference with contract, common-law breach of fiduciary duty, and violations of New York State Labor Law § 740. After the dismissals of several other parties, the following parties remain as Defendants: Town of Southold ("Town") and Town Board of Southold (collectively, "Town Defendants"), Peter Harris ("Harris"), CSEA Local 1000 AFSCME AFL-CIO ("CSEA" or "Union"), and President Nicholas J. LaMorte ("LaMorte"). Pending before the Court are Defendants' three motions to dismiss. For the reasons that follow, the motions are GRANTED.

## BACKGROUND[1]

Plaintiff was employed by the Town in its Highway Department as an Auto Equipment Operator. Despite his title, Plaintiff alleges that he was assigned and performed the duties

---

[1] The facts, as stated herein, are taken from the Amended Complaint, and for purposes of deciding these motions, are regarded as true.

of Labor Crew Leader. (Am. Compl. ¶¶ 16, 27.) In 1993, Plaintiff alleges, the Town began a policy of retaliation and reprimands against him because of his protected speech about "his dissatisfaction with the Town's violations and disregard for environmental laws and public safety" (Id. ¶¶ 29-30.)

In 2001, Plaintiff was diagnosed with multiple sclerosis. (Id. ¶ 31.) In 2003, Plaintiff began treatment for depression. (Id. ¶ 34). In early 2004, the Town arbitrarily altered the procedure for him to take sick and vacation leave in order to harass and hinder him and refused to grant him medical leave without pay, even though the Town was aware of his impairments and needs. (Id. ¶¶ 35-37.) Additionally, at some unspecified time in 2004, Plaintiff was demoted to the position of Laborer (Id. ¶ 39.)

Between February and April 2004, Plaintiff filed several complaints against his supervisor regarding verbal abuse and harassment; but Plaintiff does not specify the bases for these actions in the Amended Complaint. (Id. ¶ 38.) In April 2004, the Town attorneys notified Plaintiff that they would investigate his complaints. (Id. ¶ 40.)

On June 23, 2004, the Town Controller ordered Plaintiff to return to duty without the required clearance from the Employees Assistance Program (EAP) or the return to duty test. (Id. ¶ 42.) Approximately two weeks later, on July 6,

2004, Plaintiff was injured while at work and suffered complications to both arms and elbows. (Id. ¶ 43.) The next morning, Plaintiff went to the Town's shop to request a form to report the workers' compensation injury and a leave slip for reporting sick that day due to his July 6th injury. (Id. ¶ 45.) While completing the report, Plaintiff was given a "closed document" and a ferry reservation card without explanation. (Id. ¶ 46.) When Plaintiff opened and read the document, he realized that the ferry had left, and he could not report to Groton, Connecticut to sit for the return to duty test that morning. (Id. ¶ 47.) The following week, Plaintiff received the Town Attorney's report finding no harassment. (Id. ¶ 52.) By letter dated July 26, 2004, Plaintiff requested an appeal of that determination, (id. ¶ 53.), but, Plaintiff claims, he never received a response to his appeal. (Id. ¶ 54.)

Plaintiff was served with notice for a Civil Service hearing on or about July 29, 2004. A hearing was held and a decision rendered on August 30, 2004 on the basis of insubordination and/or misconduct. The determination did not address the issues of disability discrimination, retaliation or accommodations. (Id. ¶ 55.) On September 7, 2004, the Town terminated Plaintiff's employment. (Id. ¶ 56.) At some unspecified time thereafter, Plaintiff appealed the Civil Service determination and served a notice of claim upon the

Town. (Id. ¶ 57.) On or about March 14, 2005, the Town conducted a General Municipal Law § 50-h examination of Plaintiff. (Am. Compl. ¶ 59.) By letter dated July 26, 2005, the Town notified Plaintiff that it would not engage in settlement negotiations at that time. (Id. ¶ 61.) On August 31, 2006, Plaintiff filed a charge with the New York State Division of Human Rights ("NYSDHR") alleging disability discrimination and retaliation. (Id. ¶ 20.)

On or about June 23, 2008, the NYSDHR mailed Plaintiff a Determination and Order After Investigation, in which it stated: "the State Division has determined that there is NO PROBABLE CAUSE to believe that the respondents have engaged in or are engaging in the unlawful discriminatory practice complained of[.]" (Id. ¶ 21.) The findings stated that Plaintiff's employment was terminated because (1) he did not follow through with the EAP program, (2) tested positive for marijuana, (3) violated the Town's sick leave policy, and (4) violated the terms of an agreement by refusing to submit to a drug and alcohol test. Additionally, the NYSDHR found

> any claims regarding actions that took place prior to August 31, 2005, for the purposes of the Human Rights Law, and prior to November 4, 2005 for the purposes of Title VII and the ADA, are untimely. All of the alleged discrimination and harassment that the Complainant claims to have suffered, with the exception of his claim regarding his retirement benefits . . . occurred prior

> to, and culminated in, [the] Town's
> termination of the Complainant's employment
> on September 7, 2004. Consequently, all of
> the Complainant's claims regarding events
> which occurred during his employment with
> the Town are time-barred by the applicable
> statutes of limitation, and must be
> dismissed.

(Id. ¶¶ 21-22.) The complaint was therefore dismissed. (Id.)

The NYSDHR's notice advised that Plaintiff could appeal its

Determination to the New York State Supreme Court within 60 days

after service of the Determination. (Id.) Plaintiff did not

appeal that Determination, but requested a review of the NYSDHR

determination by the Equal Employment Opportunity Commission

("EEOC"). On August 11, 2008, the EEOC issued a "Dismissal and

Notice of Rights" letter. (Id. ¶¶ 23-24.) The EEOC adopted the

NYSDHR's findings in full.

On November 6, 2008, Plaintiff initiated this case.

On April 17, 2009, this Court issued a notice of impending

dismissal for failure to prosecute the action ("April 2009

Order"), which stated in relevant part:

> The above-captioned case was filed on Nov.
> 6, 2008. There has been no affidavit of
> service filed, nor any other submissions by
> plaintiff, in the five months since.
> IT IS HEREBY ORDERED that, pursuant to Rule
> 41(b) of the Federal Rules of Civil
> Procedure, this case will be dismissed,
> without prejudice, for lack of prosecution
> if, within fifteen (15) days from the date
> of this order, no further explanation for
> the lack of proceedings has been FILED AND
> APPROVED by this Court.

> The plaintiff must show good cause for failure to serve the summons and complaint within the 120 days pennitted, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

(Apr. 2009 Order 1.)  On May 5, 2009, Plaintiff's counsel filed an affirmation of good cause requesting that the Court excuse the failure to timely serve the Summons and Complaint.  On May 8, 2009, more than two months after the expiration of Plaintiff's time for serving the Summons and Complaint, the Town Defendants were served with the Summons and Complaint.  Then, on July 31, 2009, Plaintiff filed an Amended Complaint and properly effectuated service.  CSEA and the Town Defendants filed their motions to dismiss on August 10, 2009, and on December 24, 2009, Harris filed his motion, arguing that Plaintiff has failed to state a claim for a variety of reasons, including that Plaintiff's claims are time-barred.  In an attempt to circumvent the statute of limitations, Plaintiff points out that it timely appealed the determination of the NYSDHR, but does not address his initial failure to submit a complaint to NYSDHR in a timely manner.

DISCUSSION

I.   Applicable Standard Of Review Under Rule 12(b)(6)

On a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must satisfy a flexible plausibility standard, which obliges a pleader to amplify a claim with some factual

allegations in those contexts where such amplification is needed to render the claim plausible. Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). The complaint must be enough to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 1965 (2007). This standard does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974. In applying this standard, the district court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of plaintiff. See Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir. 2005). Additionally, the Court is confined to the allegations contained within the four corners of the complaint. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998.) However, the Court may examine any written instrument attached to [the complaint] or any statements or documents incorporated in it by reference as well as any document on which the complaint relies heavily. Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002). Of course, it may also consider matters of which judicial notice may be taken under FED. R. EVID. 201. Kramer v. Time Warner, Inc., 837 F.2d 767,773 (2d Cir. 1991).

II.  Filing Periods and Statutes Of Limitations

    A.    Title VII, ADEA, And ADA

        Under Title VII, the ADEA, and the ADA, a plaintiff
must file a charge of discrimination with the EEOC within 180
days after the claim accrued, or within 300 days after the claim
accrued if he has filed a charge with a state agency that has
authority to investigate such claims. See 42 U.S.C. § 2000e-
5(e)(1); 29 U.S.C. §§ 626(d)(1), 633(b); 29 U.S.C. § 626(d); 42
U.S.C. § 12117(a), incorporating the timeliness requirements of
Title VII, as codified in 42 U.S.C. § 2000e-5(e)(1) (2004);
Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2nd Cir.
1998); Butts v. City of N.Y. Dep't of Hous. Pres. and Dev., 990
F.2d 1397, 1401 (2d Cir. 1993); Sundaram v. Brookhaven Nat'l
Labs., 424 F. Supp. 2d 545, 559 (E.D.N.Y. 2006). These
statutory filing periods are "analogous to [ ] statute[s] of
limitations," Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708,
712 (2d Cir. 1996), and, failure to timely file a charge acts as
a bar to a plaintiff's action. See Hill v. Citibank Corp., 312
F. Supp. 2d 464, 472 (S.D.N.Y. 2004).

        In this case, the Town terminated Plaintiff's
employment on September 7, 2004. Plaintiff filed his charge
with the NYSDHR on August 31, 2006. This filing date is well
beyond the 300-day statutory filing periods. In an effort to
save his claims from being barred, Plaintiff argues that the

continuing violation doctrine preserves the claims that accrued before September 7, 2004. The continuing violation doctrine "extends the limitations period for all claims of discriminatory acts committed under an ongoing policy of discrimination." Sundaram, 424 F. Supp. 2d at 560 (citing Kulkarni v. City Univ. of New York, No. 01-CV-3019, 2001 WL 1415200, at * 3 (S.D.N.Y. Nov. 13, 2001) (citing Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998))).

Under the continuing violation exception, if a plaintiff has filed a charge of discrimination "that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." Lambert v. Genesee Hosp., 10 F.3d 46, 53 (2d Cir. 1993), cert. denied, 511 U.S. 1052, 114 S. Ct. 1612, 128 L. Ed. 2d 339 (1994). To take advantage of the continuing violation exception, however, a plaintiff must clearly assert that theory of timeliness both in his EEOC charge and in his complaint. See Fitzgerald v. Henderson, 251 F.3d 345, 360 (2d Cir. 2001); Miller v. Int'l Tel. & Tel. Corp., 755 F.2d 20, 25 (2d Cir.), cert. denied, 474 U.S. 851, 106 S. Ct. 148, 88 L. Ed. 2d 122 (1985).

Generally, courts of this circuit look unfavorably upon the continuing violation exception. Brown v. Time, Inc.,

No. 95-CV-10081, 1997 WL 231143, at * 3 (S.D.N.Y. May 7, 1997) (citing Blesedell v. Mobil Oil Co., 708 F. Supp. 1408, 1415 (S.D.N.Y. 1989)). The exception usually applies only in those cases involving specific discriminatory policies or mechanisms, such as discriminatory seniority lists or employment tests. See, e.g., Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1992); Kulkarni, 2001 WL 1415200, at * 3. The exception does not apply to discrete, completed employment actions such as transfers, failures to promote, demotions, or inadequate wages. See, e.g., Griffin v. New York City Off-Track Betting Corp., No. 98-CV-5278, 2002 WL 252758, at * 2 (S.D.N.Y. Feb. 20, 2002) (citing Lightfoot, 110 F.3d at 907; Crosland v. City of New York, 140 F. Supp. 2d 300, 308 (S.D.N.Y. 2001)); Malarkey v. Texaco, 559 F. Supp. 117, 121 (S.D.N.Y. 1982), aff'd, 704 F.2d 674 (2d Cir. 1983) (per curiam). To apply the exception in the majority of cases, "would subvert the underlying purpose of the time limit, which is to ensure expedition in the filing and handling of claims of discrimination[.]" Govia v. Century 21, Inc., 140 F. Supp. 2d 323, 325 (S.D.N.Y. 2001).

In this case, the Court finds that Plaintiff has failed to establish that application of the continuing violation doctrine is proper; thus, all of Plaintiff's claims based on Title VII, the ADEA, or the ADA, any claims regarding actions

that took place prior to November 4, 2005, are untimely other than those relating to the calculation of his retirement benefits, and are DISMISSED as time-barred.

B.    42 U.S.C. § 1983

To determine the applicable statute of limitations for a Section 1983 claim, a federal court must look "to the law of the state in which the cause of action arose." Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d 973 (2007).    The time at which accrual begins, however, "is a question of federal law that is not resolved by reference to state law."    Id. at 388.    In the present action, the parties correctly agree that, in New York, the general statute of limitations for personal injury claims is three years.    See N.Y.C.P.L.R. § 214(5).    Thus, the only issue presented is when accrual began.

When state law is not directly on point, Section 1983 actions "are governed by federal rules conforming in general to common-law tort principles." Wallace, 549 U.S. at 388.    Thus, utilizing this standard, a claim's statute of limitations begins to accrue "when the plaintiff has 'a complete and present cause of action.'"    Id. (citing Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferber Corp. of Cal., 522 U.S. 192, 201, 118 S. Ct. 542, 139 L. Ed. 2d 553 (1941)).

C.    <u>Breach Of Duty Of Fair Representation</u>

To the extent that Plaintiff has attempted to allege breach of contract and breach of fiduciary claims, the Court recognizes that such claims are more appropriately characterized as a claim for breach of duty of fair representation. As CSEA correctly points out, New York courts have repeatedly refused to characterize claims for breach of duty of fair representation as claims for breaches of contract, breach of fiduciary duty, or negligence. <u>See</u> <u>Roman v. City Employees Union Local 237</u>, 300 A.D.2d 142, 753 N.Y.S.2d 48 (App. Div. 2002) (refusing to recognize breach of contract claim against union); <u>Dolce v. Bayport-Blue UFSD</u>, 286 A.D.2d 316, 728 N.Y.S.2d 772 (App. Div. 2001) (same); <u>McClary v. CSEA</u>, 133 A.D.2d 522, 520 N.Y.S.2d 88 (App. Div. 1987) (refusing to recognize negligence); <u>Clissuras v. City of New York</u>, 131 A.D.2d 717, 517 N.Y.S.2d 39 (App. Div. 1987) (no fraud, conspiracy, breach of contract, breach of fiduciary duty and negligence claims against union); <u>Herington v. CSEA</u>, 130 A.D.2d 961, 516 N.Y.S.2d 377 (App. Div. 1987) (no cause of action for breach of contract or negligence against union).

Section 217(2)(a) of the CPLR provides that an action against a labor union to recover damages for breach of the duty of fair representation must be commenced within four months of

the date the employee knew or should have known that the breach occurred, or suffered actual harm, whichever is later. N.Y.C.P.L.R. § 217(2)(a); see Williams v. New York City Transit Auth., 458 F.3d 67, 69 (2d Cir. 2006) (citing N.Y.C.P.L.R. § 217(2)(a)); Schermerhorn v. Metro. Transp. Auth., 156 F.3d 351, 353 (2d Cir. 1998); Jiminez v. UFT, 239 A.D.2d 265, 657 N.Y.S.2d 672 (App. Div. 1996); Bitterman v. Herrick Teachers Ass'n, 220 A.D.2d 473, 632 N.Y.S.2d 173 (App. Div. 1995). In this case, Plaintiff commenced this action well beyond the four-month statute of limitations set out in section 217; thus, these claims must be DISMISSED.

Even if the Court was to interpret Plaintiff's claim as a claim for breach of fiduciary duty, that claim would be time-barred. New York law does not provide a single statute of limitations for breach of fiduciary duty claims; rather, the choice of the applicable limitations period depends on the substantive remedy the plaintiff seeks. See Loengard v. Sante Fe Indus., 70 N.Y.2d 262, 266, 514 N.E.2d 113, 519 N.Y.S.2d 801 (1987). Where the relief sought is equitable in nature, the six-year limitations period applies. However, under CPLR § 214(3), when a party claims breach of fiduciary duty based on non-fraudulent tortious conduct and seeks only money damages, a three-year statute of limitations applies. Lefkowitz v. Bank of New York, No. 01-CV-6252, 2009 WL 5033951, at *19 (S.D.N.Y. Dec.

22, 2009) (citing, inter alia, Kaufman v. Cohen, 760 N.Y.S.2d
157 (App. Div. 2003)); see Klein v. Gutman, 784 N.Y.S.2d 581,
584 (App. Div. 2004).

Accordingly, the Court construes Plaintiff's claims
for breach of fiduciary duty and breach of contract as claims
for breach of duty of fair representation; those claims are
time-barred, and DISMISSED.

D.    Intentional Infliction Of Emotional Distress And
      Tortious Interference With Contract

Under New York Law, the statute of limitations for a
claim of intentional infliction of emotional distress is one
year.  N.Y.C.P.L.R. 215[3]; Dinerman v. City of New York Admin.
for Children's Servs., 857 N.Y.S.2d 221 (App. Div. 2008).  Here,
Plaintiff commenced this case well beyond the one year statute
of limitations.  This claim is time-barred, and DISMISSED.

A claim for tortious interference with contract, on
the other hand, is governed by a three-year statute of
limitations.  N.Y.C.P.L.R. 214[4]; Spinap Corp. v. Cafagno, 756
N.Y.S.2d 86, 86 (App. Div. 2003).  Tortious interference is not
a continuing tort.  Id.  The claim accrues when the injury is
sustained, not discovered.  N.Y.C.P.L.R. 214[4]; Am. Fed. Group
v. Edelman, 722 N.Y.S.2d 870, 870 (App. Div. 2001).

In this case, the alleged injuries must have accrued
prior to Plaintiff's termination date.  At the latest, these

injuries would have accrued over three years before Plaintiff commenced this action; thus, those claims are DISMISSED.[2]

## III. New York State Executive Law And The Election Of Remedies Doctrine

New York's Executive Law provides:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9). "'Thus, absent application of one of the three exceptions, the statute divests courts of jurisdiction over human rights claims which have been presented to the DHR.'" Jeter v. New York City Dept. of Educ., 549 F. Supp. 2d 295, 302 (E.D.N.Y. 2008) (quoting Hamilton v. Niagara Frontier Transp. Auth., No. 00-CV-0300, 2007 WL 2241794, at *10-11 (W.D.N.Y. July 31, 2007); see York v. Assoc. of the Bar of the City of N.Y., 286 F.3d 122, 127 (2d Cir. 2002); Moodie v. Federal Reserve Bank of N.Y., 58 F.3d 879, 882 (2d Cir. 1995) ("[A] state law depriving its courts of jurisdiction over a state law claim also

---

[2]     Even if Plaintiff's claims for tortious interference were timely, Plaintiff fails to meet his burden pursuant to Rule 12(b)(6). In any case, the Court is required to dismiss Plaintiff's claim.

operates to divest a federal court of jurisdiction to decide the claim.")).

In this case, Plaintiff raised all of the same claims in his NYSDHR complaint as he does here, including his claims relating to retaliation under the Executive Law. In an ill-conceived attempt to misrepresent the findings of the NYSDHR, Plaintiff cites to only those portions of the complaint in which NYSHR raises the timeliness grounds. Nevertheless, it is apparent that Plaintiff's claims were dismissed on the merits and because they are time-barred. Thus, this Court lacks jurisdiction over Plaintiff's claims under N.Y. EXEC. LAW § 296, and those claims are DISMISSED.

IV. <u>Section 1983 Conspiracy And Monell Claim</u>

"To prove a § 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." <u>Newton v. City of New York</u>, 640 F. Supp. 2d 426, 440 (S.D.N.Y. 2009) (quoting <u>Pangburn v. Culbertson</u>, 200 F.3d 65, 72 (2d Cir. 1999). Plaintiff need not, however, allege that the conspiracy was motivated by some degree of racial animus. <u>See</u> <u>Carson v. Lewis</u>, 35 F. Supp. 2d 250, 270 (E.D.N.Y. 1999); <u>Blankman v. County of Nassau</u>, 819 F. Supp. 198, 205 (E.D.N.Y. 1993).

As CSEA properly points out, the Second Circuit Court of Appeals has held that CSEA is not a "person" under § 1983 and therefore, cannot be sued under this statute. Rivas v. New York State Lottery, 53 Fed. Appx. 176, 177 (2002) (citing, Fitzpatrick v. Wert, 432 F. Supp. 601, 602 (W.D.N.Y. 1977) and Monell v. Dept. of Social Servs., 532 F.2d 259, 262-63 (2d Cir. 1976)). Moreover, even if CSEA could properly be held liable under such a claim, Plaintiff's allegations cannot satisfy the requirements of Rule 12(b)(6).

To prevail against a municipality in a Section 1983 action, a plaintiff must plead and prove three elements: (1) an official policy or custom that (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right. See Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008); Zahra v. Southold, 48 F.3d 674, 685 (2d Cir. 1995); Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1977). "Local governing bodies . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-91 (citations omitted). A plaintiff also has the burden of showing "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."

<u>City of Canton v. Harris</u>, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L. Ed. 2d 412 (1989). "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." <u>Springfield v. Kibbe</u>, 480 U.S. 257, 267, 107 S. Ct. 1114, 1119, 94 L. Ed. 2d 293 (1987) (O'Connor, J., dissenting).

Here, Plaintiff has failed to provide sufficient detail, beyond speculation, to demonstrate an official policy or custom that resulted in a deprivation of his constitutional rights. Therefore, Plaintiff's Section 1983 claims against the Town Defendants are DISMISSED.

V.   <u>New York State Labor Law 740</u>

Section 740 of N.Y. Labor Law creates a cause of action in favor of an employee against whom an employer has retaliated for disclosing to a supervisor or to a public body, a violation of law on the part of the employer, which "creates and presents a substantial and specific danger to the public, health or safety[.]" See N.Y. Labor Law § 740(2)(a). However, section 740 does not apply to public employers; rather, public employers are covered by New York Civil Service Law § 75-b. <u>DiBiase v. Barber</u>, No. 06-CV-5355, 2008 WL 4455601, at *5 (E.D.N.Y. Sept. 30, 2008); <u>see</u> <u>Tamayo v. City of New York</u>, No. 02-CV-8030, 2004 WL 137198, at *7 (S.D.N.Y. Jan 27, 2004).

19

Here, the Town is clearly a public employer; therefore, section 740 is inapplicable. Accordingly, Plaintiff's claim is DISMISSED.

## VI. Plaintiff's First Amendment Claim Pursuant To 42 U.S.C. § 1983

To establish a First Amendment retaliation claim, a plaintiff must show that "(1) his conduct was protected by the First Amendment, and (2) such conduct prompted or substantially caused defendant's action." Ferran v. Town of Nassau, 471 F.3d 363, 368 (2d Cir. 2006) (internal quotation marks and citations omitted). Some courts have added a third element, requiring plaintiffs to show that the defendant's actions chilled the exercise of their First Amendment free speech rights. See Curley v. Vill. of Suffern, 268 F.3d 65, 73 (2d Cir. 2001). Compare Morrison v. Johnson, 429 F.3d 48, 50 (2d Cir. 2005) ("Having concluded that the defendants had probable cause for Curley's arrest . . . we stated that in order for Curley to prevail on this free speech claim, he was required to show, inter alia, that his First Amendment rights were actually chilled.") (internal quotation marks and citations omitted, first alteration in original).

Assuming arguendo, that Plaintiff's conduct was protected by the First Amendment, Plaintiff fails to allege sufficient facts to show that his conduct prompted or

substantially caused Defendants to terminate his employment or miscalculate his retirement benefits. See Ferran, 471 F.3d at 368. Moreover, Plaintiff has also failed to plead sufficient facts to demonstrate that the exercise of his First Amendment rights was chilled by the Defendants' actions. Therefore, Plaintiff's First Amendment claims are DISMISSED.

## VII. Plaintiff's Remaining Constitutional Claims

According to the Amended Complaint, in addition to the aforementioned claims, Plaintiff seeks to recover pursuant to the "Fourth, Fifth, Ninth, and [F]ourteenth Amendments to the Constitution." None of remaining allegations in the Amended Complaint provide any basis for recovery under these amendments. Thus, Plaintiff's remaining claims are DISMISSED.

CONCLUSION

For the foregoing reasons, Defendants' motions are GRANTED. The Amended Complaint is dismissed, with prejudice. The Clerk of the Court is directed to terminate all motions and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March  24 , 2010
           Central Islip, New York